# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

| | |
|---|---|
| CLARENCE G. NELSON, Jr., and VALORA L. NELSON, | |
| Plaintiffs, | No. C15-4077-CJW |
| vs. | **ORDER** |
| WILLIAM E. BITTERS, d/b/a UNITED FINANCIAL INFORMATION SERVICES, and ROBERT W. BOLAND, Jr., d/b/a/ UNITED FINANCIAL INFORMATION SERVICES, | |
| Defendants. | |

## I.     INTRODUCTION

Plaintiffs Clarence G. Nelson, Jr. (Nelson) and his wife, Valora L. Nelson, brought suit alleging breach of trust, negligence, breach of contract, and securities violations. Doc. 4. This matter is before the court pursuant to defendant William E. Bitters' (Bitters) Motion to Dismiss (Doc. 11), and defendant Robert W. Boland, Jr.'s (Boland) Motion to Dismiss (Doc. 15). Plaintiffs resisted defendants' motions. Docs. 17 & 23. No party requested oral argument, and, in any event, oral argument is not necessary. The court deems the motions to dismiss the complaint fully submitted.

For the reasons set forth below, the court: 1) denies defendant Bitters' Motion to Dismiss; and 2) grants defendant Boland's Motion to Dismiss.

## II. PROCEDURAL AND FACTUAL BACKGROUND

On September 21, 2015, plaintiffs filed a five count complaint against defendants. Doc. 4. Count I alleged a breach of trust. Count II alleged gross negligence. Count III alleged breach of contract. Count IV alleged federal securities violations, and Count V alleged state securities violations. Defendant Boland was referenced only once by name in introductory paragraphs 4 and 5, and was not referenced by name or description as engaging in any conduct under any of the counts contained in the complaint.

On November 3, 2015, defendant Bitters filed a motion to dismiss the complaint. Doc. 11. On November 24, 2015, defendant Boland filed a motion to dismiss the complaint. Doc. 15.

On December 8, 2015, plaintiffs filed a motion for leave to file an amended complaint, with a proposed amended complaint attached. Doc. 16. On the same day, plaintiffs filed a resistance to both motions to dismiss. Doc. 17.

On December 22, 2015, defendants filed a joint resistance to plaintiffs' motion for leave to file an amended complaint. Doc. 20.

On January 6, 2016, the court granted plaintiffs' motion for leave to file an amended complaint. Doc. 21. In its order, the court held that defendants' pending motions to dismiss would be deemed to apply to plaintiffs' amended complaint, but indicated the parties could file supplemental briefs on or before January 25, 2016.

On the same day, plaintiffs filed their amended complaint.[1] Doc. 22.

Also on January 6, 2016, plaintiffs filed a brief in opposition to defendants' motions to dismiss. Doc. 23. No party has since filed supplemental briefs.

---

[1] Because the amended complaint replaces the original complaint, and for ease of reference, the court will refer to the amended complaint as the "complaint," rather than repeat the word "amended" each time.

On February 9, 2016, this case was assigned to a United States Magistrate Judge for final disposition, by consent of the parties. Doc. 25.

In a nutshell, it appears this lawsuit arises out of a $200,000 loan by plaintiff Nelson to a John L. Henry, Treo Engineering, Inc., and Treo Engineering Company, JSJ Manufacturing, Inc., on March 27, 2008 (the Henry Loan). Plaintiffs allege defendant Bitters, acting in his capacity as a financial advisor, solicited plaintiff Nelson to make the Henry Loan, which Henry never repaid. Plaintiff Nelson sued Henry et al., and obtained a judgment against those defendants in 2012. Doc. 22, at 4, ¶17. Plaintiffs have since filed this law suit seeking compensation from defendants Bitters and Boland for their losses in relation to the failed Henry Loan.

### III. PLAINTIFFS' AMENDED COMPLAINT

Plaintiffs' amended complaint contains the same five claims of action as their original complaint. *Compare* Doc. 4 with Doc. 22. Plaintiffs reference defendant Boland by name again in introductory paragraphs 4 and 5, and now also in paragraphs 21 and 38. Plaintiffs added some language to various paragraphs (mostly, it appears, to clarify relationships). The most substantive change in the complaint is the addition of paragraphs 29 through 43. These paragraphs relate, primarily, to the execution of a Power of Attorney document in 2011, which purportedly provided defendant Bitters with the power of attorney to work on behalf of plaintiff Nelson to collect the debt owed him from the Henry Loan. Plaintiffs allege this conduct, and the Power of Attorney document itself, constituted fraudulent misrepresentations and an attempt to "cover up" defendant Bitters' conduct and "scheme," which plaintiffs assert equitably estop defendants from the protection of the statute of limitations. Doc. 22, ¶¶ 46, 59.

Plaintiffs also attach a number of exhibits to their amended complaint. These include: a copy of United Financial Services web page (Exhibit A); a promissory note dated March 20, 2008 (Exhibit B); a copy of a check dated March 27, 2008 (Exhibit C);

an affidavit of defendant Bill Bitters in connection with a case filed in Nebraska District Court (Exhibit D); a Power of Attorney dated February 25, 2010, designating defendant Bitters to act on plaintiff Nelson's behalf in relation to the Henry Loan (Exhibit E); a handwritten note dated October 30, 2014, purporting to terminate the Power of Attorney (Exhibit F); a Consent and Waiver of Conflict, dated January 26, 2011, signed by plaintiff Nelson (Exhibit G); a similar Consent and Waiver of Conflict, with the same date, signed by defendant Bitters (Exhibit H); and a life insurance policy for John Henry (Exhibit I).[2]

## IV.　　THE PARTIES' ARGUMENTS

Defendant Bitters moves to dismiss the complaint on the ground that all of plaintiffs' causes of action are barred by applicable statutes of limitations. Doc. 11. Defendant Bitters argues that whether this court applies Nebraska or Iowa statutes of limitations, plaintiffs' causes of action arose outside the time allowed for filing suit. Defendant Bitters also argues that the Iowa ten-year statute of limitations for breaches of written contracts do not apply in this case because the complaint makes insufficiently "vague and bare allusions" to "oral and written representations." Doc. 11-1, at 8.

Defendant Boland moves to dismiss the complaint on the same statute of limitations grounds, but also because plaintiffs' complaint fails to state a claim against him. Doc. 15. Specifically, defendant Boland argues "[p]laintiffs' Complaint does not allege any specific acts or omissions on the part of Defendant Boland." Doc. 15-1, at 3, 5.

Plaintiffs resist defendants' motions to dismiss. Plaintiffs argue that equitable estoppel by fraudulent concealment bar defendants from asserting statute of limitations

---

[2] The court notes that Exhibits C and I contain personal data identifiers, and plaintiffs should have redacted these exhibits so as to avoid such disclosure, pursuant to Local Rule 10(h); and Exhibits C and F also contain other personal information, such as plaintiff's home address. The court will order these exhibits sealed to protect privacy and prevent identify theft. The court cautions plaintiffs' counsel to comply with the local rule and henceforth redact any document that contains personal identification information prior to filing the document with the court.

4

defenses to the timeliness of plaintiffs' claims. Doc. 23, at 2. As to defendant Boland, plaintiffs urge that the complaint "does allege how Defendants Bitters and Boland are connected" (Doc. 23, at 4), that defendants have made "judicial admissions" that they do business together as United Financial Information Services (*e.g.*, Doc. 23, at 2 & 6), and that defendant "Boland does not deny anywhere that he is a part of" United Financial Information Services (Doc. 23, at 6). Plaintiffs argue, without reference to factual allegations establishing the nature of the alleged business relationship between defendants Bitters and Boland, and without citation to legal authority, that defendant Boland "appears to be a general partner in this enterprise for all the information and knowledge that Defendants would be jointly and severally liable by law as general partners [sic]." Doc. 23, at 6.

## V. ANALYSIS

### A. Legal Standard

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). Rule 8 does not require "detailed factual allegations." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Accordingly, Rule 8 "marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 at 678. A complaint that relies on "naked assertion[s]" devoid of "further factual enhancement," "labels and conclusions," or "formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555, 557.

"When ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 51 U.S. 89,

94 (2007). It must also "grant all reasonable inferences from the pleadings in favor of the nonmoving party." *United States v. Any & All Station Transmission Equip.*, 207 F.3d 458, 462 (8th Cir. 2000). To survive a motion to dismiss, then, the complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. While plausibility is not equivalent to probability, it is something "more than the sheer possibility that a defendant has acted unlawfully." *Id*. "The question . . . is not whether [the plaintiff] might at some later stage be able to prove [a claim]; the question is whether [the plaintiff] has adequately asserted facts (as contrasted with naked legal conclusions) to support his claims." *Whitney v. Guys, Inc.*, 700 F.3d 1118, 1129 (8th Cir. 2012). In assessing whether a complaint states a plausible claim, the court "considers only the materials that are 'necessarily embraced by the pleadings and exhibits attached to the complaint.'" *Whitney*, 700 F.3d at 1128 (quoting *Mattes v. ABC Plastics, Inc.*, 323 F.3d 695, 697 n.4 (8th Cir. 2003). *See also Miller v. Redwood Toxicology Lab., Inc.*, 688 F.3d 928, 931 n.3 (8th Cir. 2012) (stating that in considering a motion to dismiss, the court may rely on the face of the complaint and exhibits attached to the complaint whose authenticity is unquestioned). A court must also assess "plausibility of the plaintiff's claim as a whole, not the plausibility of each individual allegation," *Zolteck Corp. v. Structural Polymer Grp.*, 592 F.3d 893, 896 n.4 (8th Cir. 2010), "draw[ing] on [its own] judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

A court faced with a motion to dismiss may "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. With that in mind, the court has examined plaintiffs' complaint and has identified conclusory allegations and formulaic recitations that are not entitled to

consideration as allegations of fact this court must accept as true for purposes of ruling on the motions to dismiss.

Paragraph 12 alleges that defendants "collectively economically benefitted" from the Henry Loan "in amounts presently unknown to Plaintiffs." This is a bare conclusion and does not allege facts which would establish both defendants personally financially benefitted from the transaction. At most, a liberal reading of the complaint as a whole would suggest a plausible factual basis to believe that defendant Bitters benefitted financially from the transaction. But the complaint does not allege facts that would create a plausible claim against defendant Boland.

Paragraph 21 stated that both defendants "had a conflict of interest acting as liaison for the creation of the bad loan and being an agent on behalf of Plaintiff Clarence G. Nelson, Jr. without either lender or borrower having met." Again, as to defendant Boland for which there are no facts alleged in this or any other paragraph showing his involvement in this transaction or with plaintiffs or Henry, this is a conclusion, not a statement of fact the court is bound to accept as true.

Paragraph 29 asserts that the relationship between plaintiff Clarence G. Nelson, Jr., and defendant Bitters "was a trust and fiduciary relationship," and that defendant Bitters "was essentially acting in unison and concert with John L. Henry, and the nature of the Power of Attorney was intended to lead Clarence G. Nelson, Jr. into a ruse believing that William Bitters was helping Plaintiff Clarence G. Nelson, Jr." Again, this is a conclusion and argument; it may or may not be an accurate conclusion to reach from the facts alleged, but is itself not a factual allegation this court is obliged to accept as true.

Paragraph 34 is conclusory to the extent is argues that defendant Bitters' involvement with the Power of Attorney "was just an on-going perpetuation of the breach of trust that Plaintiff Clarence G. Nelson, Jr. placed in Defendant Bitters and Bitter's

7

[sic] company, and Defendant Bitters defrauded Plaintiffs' attorney Aaron Rodenburg as well into believing that he was truly looking out for Plaintiffs."

The entirety of paragraph 35 asserts a conclusion that defendant Bitters' conduct "was nothing more than a fraudulent concealment that William Bitters had other 'investors' who had lost money to John L. Henry and that Defendants were of the scheme and plan to get money for Henry." Plaintiffs argue that defendants "were acting one and the same business as partners" and "intended to have Plaintiff Clarence G. Nelson, Jr. act upon such misrepresentations of helping him collect the money from John L. Henry to deflect attention to the scheme and plan that Defendants were operating under to raise money for Henry . . . ." These phrases are conclusory, especially to the extent it attempts to lump defendant Boland into the allegations when the complaint as a whole lacks a factual basis to show his knowledge of the transaction, let alone his involvement in it.

Paragraph 39 is conclusory to the extent Plaintiffs argue that certain events were "part of the deception."

The ending phrase "which is nothing more than a finger-pointing exercise intended to not draw attention to [defendant Bitters'] own liability" in paragraph 41 is a conclusion.

Paragraphs 43 through 46 constitute conclusions that defendants have profited and legal recitations which do not contain factual allegations.

Paragraph 51 is speculative and conclusory to the extent it claims defendant Bitters "had a financial relationship of some kind with John L. Henry, which affected Defendant Bitters' judgment."

Paragraphs 52 through 54 constitute conclusions and legal recitations, but do not contain factual allegations.

Paragraph 57 contains the legal conclusion that defendant Bitters' representations "constitute binding oral and written contracts to perform, which agreements were breached by Defendants . . . ."

Paragraph 58 states the legal conclusion, asserting defendants breached a contract.

Part of paragraph 59 constitutes a legal conclusion and formulaic recitations to the extent it asserts the Power of Attorney "was a further written contract" and to the extent plaintiffs argue by that document "Defendants [sic] implicitly agreed to forebear taking any action against Defendants, and by equitable estoppel and promissory estoppel Defendants should not be entitled to claim there is no contract . . . ."

Paragraph 63 states a legal conclusion that "the nature of what Defendant Bitters did was to create a financial instrument, to-wit a promissory note to John Henry personally, which is a form of a security."

Finally, Plaintiffs' argument that "the security offered is not exempt from the Securities Act of 1933 or the Securities Exchange Act of 1934 in any way, shape or form as a private offering exemption . . . ." Again, it may be a correct legal conclusion, but it is not an alleged fact this court is bound to accept as true for purposes of ruling on a motion to dismiss.

### B. Defendant Boland's Motion to Dismiss

The court first addresses defendant Boland's motion to dismiss because it is clear that the complaint fails to state a claim against him. Plaintiffs' complaint, even assuming all alleged facts as true and affording it every reasonable inference, simply fails to state a claim for which relief may be granted against defendant Boland. Shorn of conclusory allegations, at best, plaintiffs' complaint and attached exhibits establishes that defendants Bitters and Boland at some point in time held themselves out as doing business together as United Financial Information Services. Plaintiff does not allege facts from which this

9

court could conclude that this relationship existed at the time of any wrongful conduct.[3] The complaint does not allege facts from which the court can conclude that the defendants have a legal partnership, corporation, or other relationship which would establish legal liability by one for the acts of the other. There are no facts in the complaint establishing that defendant Boland knew about the Henry Loan, let alone that he was involved in any way. There are no factual allegations that defendant Boland ever spoke to or otherwise communicated in any way with plaintiffs, defendant Bitters, or John L. Henry about the Henry Loan or anything else. The factual allegations do not place defendant Boland as being present for any transaction or discussion. Defendant Boland's name does not appear on the promissory note (Exhibit B), the Power of Attorney (Exhibit E), or the consents and waivers of conflict (Exhibits G & H) which appear to be the basis upon which plaintiffs have brought this case. Defendant Bitters' affidavit (Exhibit D) makes no mention of defendant Boland. Indeed, none of the exhibits, with the exception of the 2015 website page, mention defendant Boland by name.

Plaintiff cannot simply haul an individual into court and expose that person to discovery on the weight of a web page showing a business relationship between that person and another person against whom plaintiffs have a cause of action. A complaint which fails to identify acts or omissions by a defendant fails to state a claim against that defendant. *See Ashby v. SLM Corp.*, Civ. No. 08-870, 2008 WL 1945181, at *2 (D.Minn. Apr. 30, 2008) (unpublished) (granting motion to dismiss complaint where it failed to describe any specific acts or omissions by the defendants that breached any contract or duty of care). For that reason, the court must grant defendant Boland's

---

[3] The court notes that the website page attached to the complaint (Exhibit A) bears a copyright date of 2015. Plaintiffs did not represent in the complaint the date on which they accessed the website.

motion to dismiss. Because the court finds dismissal on this ground proper, it need not address defendant Boland's motion to dismiss on statute of limitations grounds.

### C. Defendant Bitters' Motion to Dismiss

Defendant Bitters moves to dismiss the complaint on the ground that all of plaintiffs' causes of action are allegedly barred by the statutes of limitations. Plaintiffs appear to concede that, except for the breach of contract claim, the applicable statutes of limitations would bar their claims were it not for the concept of equitable estoppel by fraudulent concealment. Doc. 23, at 2, 10-11. With regard to the contract claim, plaintiffs argue the choice of law analysis favors application of the Iowa statute of limitations of ten years, by which measure, plaintiffs' breach of contract claim would fall within the time period. Doc. 23, at 6-10. Defendant Bitters argues Nebraska's five-year statute of limitations for breach of contract claims should apply. Doc. 11-1, at 8-11. Of course, whether Iowa law or Nebraska law applies becomes irrelevant if plaintiffs are correct that defendant Bitters is barred by equitable estoppel from asserting the statute of limitations.

It is important to keep in mind, however, the procedural status of this case. The question before the court is not whether plaintiffs can successfully establish equitable estoppel. At this stage of the litigation, the question is whether plaintiffs have plead facts which, if taken as true, would establish a plausible basis for asserting such a claim. If so, then dismissing the suit is not proper. Defendant may be able to raise this issue again by way of a summary judgment motion where the court could consider whether the facts support an equitable estoppel argument.

"As a general rule, 'the possible existence of a statute of limitations defense is not ordinarily grounds for Rule 12(b)(6) dismissal unless the complaint itself establishes the defense.'" *Joyce v. Armstrong Teasdale, LLP*, 635 F.3d 364, 367 (8th Cir. 2011) (quoting *Jessie v. Potter*, 515 F.3d 709, 713 n.2 (8th Cir. 2008)). *See also Varner v.*

*Peterson Farms*, 371 F.3d 1011, 1016 (8th Cir. 2004) (holding that "when it 'appears from the face of the complaint itself that the limitations period has run,' a [statute of] limitations defense may properly be asserted through a Rule 12(b)(6) motion to dismiss.") (quoting *Wycoff v. Menke*, 773 F.2d 983, 984-85 (8th Cir. 1985)); *Linden v. JBS USA, LLC*, No. 4:14-cv-00228-JAJ, 2014 WL 10040189, at *2 (S.D. Iowa Sept. 16, 2014) (unpublished) (stating that "[m]otions to dismiss should not be granted on statute of limitations grounds unless noncompliance with the statute of limitations appears on the face of the complaint.") (quotation and citation omitted).

The doctrine of fraudulent concealment is a form of equitable estoppel, which does not toll the statute of limitation, but, rather, bars invocation of the statute of limitations as an affirmative defense. *See Christy v. Miulli*, 692 N.W.2d 694, 701 (Iowa 2005) ("Equitable estoppel prevents a defendant 'from asserting the bar of the statute of limitations' based on 'his agreement, misrepresentations, or conduct.'") (quoting *DeWall v. Prentice*, 224 N.W.2d 428, 430 (Iowa 1974). To prove fraudulent concealment, a party must show by clear and convincing evidence "conduct amounting to false representations or concealment, and a party relying thereon must be misled into doing or failing to do something." *Christy*, 692 N.W.2d at 701.

> The foundation elements of equitable estoppel are well established: (1) the defendant has made a false representation or has concealed material facts; (2) the plaintiff lacks true knowledge of the facts; (3) the defendant intended the plaintiff to act upon such representations; and (4) the plaintiff did in fact rely upon such representations to his prejudice.

*Id.*, at 702. The first element of equitable estoppel/fraudulent concealment can be proven by either evidence that (1) the defendant affirmatively concealed material facts; or (2) "a confidential or fiduciary relationship exists between the person concealing" the facts and "the aggrieved party." *McClendon v. Beck*, 569 N.W.2d 382, 385 (Iowa 1997).

In this case, plaintiffs pleaded equitable estoppel by fraudulent concealment in the complaint. Doc. 22, ¶¶ 46, 59. The complaint alleges facts which, taken as true, could form the basis for a claim of fraudulent concealment. The complaint alleges that, acting in his capacity as a financial advisor, defendant Bitters solicited money from plaintiff Nelson for the Henry Loan, which places defendant Bitters in a fiduciary relationship with Nelson. Doc. 22, ¶¶ 8, 10. The complaint alleges that defendant Bitters concealed from plaintiffs the relationship Bitters had with Henry, including that defendant Bitters has solicited money from other investors who Henry had not repaid. Doc. 22, at ¶¶ 11, 12, 18, 36, 37, & 42. The complaint alleges that defendant Bitters represented to plaintiff Nelson that Bitters was working on Nelson's behalf to help Nelson recover funds from Henry, that defendant Bitters had plaintiff Nelson execute a Power of Attorney in 2010 for this purpose, and that defendant Bitters continued this alleged assistance in an effort to "ingratiate and convince plaintiff … that [defendant Bitters] was looking out for [plaintiffs'] best interests" as the clock ticked away on the statute of limitations. Doc. 22, at ¶¶ 18, 34, 40, 41. In 2012, defendant Bitters authored an affidavit in relation to the lawsuit by plaintiff Nelson against Henry in which defendant Bitters stated that he "suggested to [plaintiff] to hold off on enforcement" of the Henry Loan until 2011. Doc. 22-4, at 2 (Exhibit D).

Whether plaintiffs can actually prove these assertions by clear and convincing evidence is another question, but it is a question for another day. At this stage of the lawsuit, the court cannot dismiss a complaint because determining the merits of the equitable estoppel claim requires an evaluation of the facts. Defendant Bitters' statute of limitations challenge is simply premature. *See*, *e.g.*, *Coons v. Mineta*, 410 F.3d 1036, 1041-42 (8th Cir. 2005) (reversing a district court's order dismissing a lawsuit, finding dismissal inappropriate because plaintiff pled equitable estoppel, the merits of which could not be determined "[w]ithout a more developed record"); *Stephens v.*

*Associated Dry Goods Corp.*, 805 F.2d 812, 813-14 (8th Cir. 1986) (affirming denial of a motion to dismiss where a plaintiff asserted equitable estoppel, opining that a statute of limitations challenge "might be proper on summary judgment motion where undisputed evidence is developed" or at a bench trial); *Clemons v. Wullweber*, No. C10-1032, 2011 WL 1982105, at *4-5 (N.D. Iowa May 20, 2011) (unpublished) (denying motion to dismiss and finding statute of limitations challenge premature where plaintiff pled a continuing action claim).

## VI. CONCLUSION

For the reasons set forth herein, defendant Boland's motion to dismiss is **GRANTED**, and defendant Bitters' motion to dismiss is **DENIED**.

The Clerk of Court is instructed to seal Exhibits C, F, and I, which were attached to plaintiffs' amended complaint (Doc. 22), pursuant to Local Rule 10(h).

**IT IS SO ORDERED** this 18th day of March, 2016.

_____
C.J. Williams
United States Magistrate Judge
Northern District of Iowa